## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| Pierre E. Saint-Fleur, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 1:13-cv-01019 (APM) |
| ) | |
| John M. McHugh, ) | |
| Secretary of the Army, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

### MEMORANDUM OPINION

## I.      INTRODUCTION

In January 2011, Plaintiff Pierre E. Saint-Fleur, a black man of Haitian descent and a lieutenant colonel in the California Army National Guard, learned that he had not been promoted to the rank of colonel or appointed to the position of State Chaplain.  Plaintiff Saint-Fleur sought redress from the Army Board for Correction of Military Records ("ABCMR" or "Board"), alleging that he was passed over for promotion because of his race and national origin.  In October 2012, the ABCMR denied Plaintiff's requests for promotion and other relief.  Plaintiff now challenges the ABCMR's decision on the ground that the Board allegedly failed to address two arguments: (1) his assertion that he was denied promotion in violation of Title VII of the Civil Rights Act of 1946, and (2) his contention that he was placed under the authority of a junior officer in violation of military regulations.

After reviewing the administrative record, the court concludes that the ABCMR sufficiently addressed Plaintiff's claim of discrimination and thus did not act arbitrarily or capriciously in denying him relief on that claim.  On the other hand, the Board did act arbitrarily

and capriciously as to Plaintiff's claim of improper subordination to a junior officer, because the Board neglected to address that claim altogether.  The court remands Plaintiff's subordination claim to the ABCMR for further review.

## II.   BACKGROUND

### A.   Saint-Fleur's ABCMR Application

Plaintiff Pierre E. Saint-Fleur served his country with honor in various components of the U.S. Army for almost twenty-five years.  After receiving an appointment in the U.S. Army Reserves as a commissioned officer in March 1988, Plaintiff spent most of his military career as a reserve chaplain in the California Army National Guard ("CAARNG").  Pl.'s Stmt. of Facts, ECF #10-2 ¶ 2-11.  In October 2004, Plaintiff entered active duty and, in 2005 and 2006, spent two tours in Iraq. *Id.* ¶ 4.  Four years later, in October 2010, he returned to active duty service in Iraq and Kuwait. *Id.* ¶ 8.  These tours earned him the distinction of the most deployed chaplain in California. J.A. of Certified Admin. R. ("AR")*,* ECF #19, App. 1 at 29.[1]  Throughout his career, Plaintiff received positive performance reviews and regular promotions, retiring with the rank of lieutenant colonel in December 2012. Pl.'s Stmt. of Facts ¶ 3-11.

In January 2011, Plaintiff learned that the CAARNG had denied him promotion to the rank of colonel and had not appointed him to the position of State Chaplain. *Id.* ¶ 13.  The CAARNG instead selected a junior-ranking, white officer for the State Chaplain position. *Id.*  Plaintiff submitted an application to the ABCMR in August 2011, asserting that his non-promotion resulted from discrimination based on race and national origin in violation of Title VII.  AR, App. 1 at 25-27.  He also argued that he "was passed over for a promotion in contravention of the regulations

---

[1] The Joint Appendix has been filed on ECF in a non-continuous, multi-volume set of appendices.  For purposes of clarity given the nature of the filing, the court uses appendix numbers and ECF page numbers, rather than original page numbers, when citing to the Joint Appendix.

for an officer that was his junior." *Id.* at 29.  Plaintiff requested that the ABCMR amend his official military personnel file, reinstate him "at the position he would have been placed in but for the illegal discrimination," grant financial compensation to mitigate the consequences of the discrimination, and "grant any other relief as justice requires." *Id.* at 26, 37.

To support his claims, Plaintiff offered a twelve-page memorandum prepared by counsel and fifty-six pages of supporting documents, including past academic transcripts, evaluations, and certificates; officer evaluation reports (OERs); and letters regarding military appointment and promotion eligibility. *See generally* AR, App. 1 at 26 – App. 2 at 37.  The ABCMR also obtained and considered Plaintiff's military personnel records, comprising an additional two hundred seventy pages of documents. *See generally* AR, App. 2 at 40 – AR, App. 8 at 28.

Plaintiff submitted no concrete evidence to support his claim of discrimination; he did not even submit his own sworn affidavit.  Instead, through his counsel's assertions, Plaintiff related several anecdotes of alleged discrimination.  Plaintiff asserted that he was "subjected to harassment and disparate treatment by State Chaplain, Colonel Robert A. Johnson," who "[o]n numerous occasions . . . yelled, cursed at and made fun of LTC Saint-Fleur's accent and national origin, on at least one occasion shaking his finger at LTC Saint-[Fleur], which is a universal act of aggression."  AR, App. 1 at 30.  Plaintiff also claimed that Colonel Johnson said that Plaintiff should never have been in the U.S. military.  *Id.*  Most damagingly, according to Plaintiff, Colonel Johnson placed Saint-Fleur under the control of a lower-ranking chaplain and then made a reference to this arrangement in Saint-Fleur's military personnel records.  *Id.*  Plaintiff alleged that several commanding officers knew of this discrimination, but did nothing to stop it, even after Plaintiff complained to one of them.  *Id.* at 31.  However, apart from a single statement written by Colonel Johnson in one of Plaintiff's OERs—remarking that "CH Saint-Fleur . . . worked well

3

under coordination and supervision of . . . CH (MAJ) Stephen Forsythe"—Plaintiff provided no other documentation to support his allegations of harassment or inappropriate action by commanding officers. *Id.* at 30-31; AR, App. 2 at 20.

**B.     The ABCMR's Decision**

In October 2012 the ABCMR denied Plaintiff's application on grounds of insufficient evidence. AR, App. 1 at 4. The Board observed that Plaintiff's military personnel file did not contain any "negative reviews, derogatory information, negative and/or race-motivated comments, or promotion passover memoranda." *Id.* at 13. It also noted the absence of any "email, memorandum, [or] telephone conversation" to support his discrimination claim. *Id.* After "a comprehensive review of this case," the Board concluded that there was "insufficient evidence in the applicant's records and/or provide[d] by the applicant or his counsel to support any of the issues he raised in his application." *Id.*

**C.     Procedural History of this Case**

Plaintiff filed his complaint on July 5, 2013, challenging the Board's decision under the Administrative Procedure Act (APA), 5 U.S.C. § 701 et seq. *See* Compl. Because the court's review under the APA is generally limited to the administrative record,[2] the parties conducted no discovery and filed cross-motions for summary judgment. *Camp v. Pitts*, 411 U.S. 138, 142 (1973) (finding that judicial review of the APA's "arbitrary and capricious" standard should focus on "the administrative record already in existence, not some new record made initially in the reviewing court"); *Envtl. Def. Fund, Inc. v. Costle*, 657 F.2d 275, 284 (D.C. Cir. 1981) (noting that "it is well settled that judicial review of agency action is normally confined to the full administrative record

[2] There are limited exceptions to this rule, *see, e.g., Envtl. Def. Fund, Inc. v. Costle*, 657 F.2d 275, 284-86 (D.C. Cir. 1981), but neither party has argued that one of these exceptions is applicable here. The court thus proceeds with its review on the administrative record only.

before the agency at the time the decision was made").

Defendant McHugh also moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject-matter jurisdiction and for failure to state a claim, respectively. Mem. of P. & A. in Supp. of Def.'s Mot. for Summ. J., ECF #7-1 at 4-7.  As grounds for dismissal under both rules, Defendant argued that the court cannot resolve Plaintiff's claim because it would require review of a non-justiciable military personnel decision.  *See id.* at 15-18.   Although Defendant asserted non-justiciability as the reason to dismiss under both Rules 12(b)(1) and 12(b)(6), "there is a significant difference between determining whether a federal court has 'jurisdiction of the subject matter' and determining whether a cause over which a court has subject matter is 'justiciable.'"  *Powell v. McCormack*, 395 U.S. 486, 512 (1969) (quoting *Baker v. Carr*, 365 U.S. 186, 198 (1962)).  The court has subject-matter jurisdiction over Plaintiff's APA claim under the "federal question" statute, 28 U.S.C. § 1331.  *See Oryszak v. Sullivan*, 576 F.3d 522, 524-25 (D.C. 2009).[3]  Whether or not his claim is a non-justiciable military personnel decision is an argument under Rule 12(b)(6) for failure to state a claim.  *See id.*  The court turns now to that issue.

## III.   LEGAL ANALYSIS

### A.    Defendant's Motion to Dismiss

Defendant contends that "to the extent that Plaintiff seeks to have this Court review the CAARNG's decision to select . . . the CAARNG State Chaplain, Plaintiff presents a claim that is 'clearly non[-]justiciable because consideration of these claims would require this Court to intrude

---

[3] Defendant seems to argue that the court lacks subject-matter jurisdiction because the Board itself did not have the power to "reinstate, promote, and assign Plaintiff to the position of CAARNG State Chaplain." Mem. of P. & A. in Supp. of Def.'s Mot. for Summ. J. at 13.  But the Board's scope of authority does not control whether a federal court has subject-matter jurisdiction to review a Board's decision under the APA.  A federal court has subject-matter jurisdiction to review an APA claim under 28 U.S.C. § 1331.

upon military personnel decisions committed exclusively to the legislative and executive branches.'" Mem. of P. & A. in Supp. of Def.'s Mot. for Summ. J. at 15 (quoting *Assoc. of Civilian Technicians, Inc. v. United States*, 601 F. Supp. 2d 146, 160 (D.D.C. 2009)).  Defendant further asserts that Plaintiff's challenge would require "the Court to review military decision[s] regarding how to best allocate military personnel" and "second guess military leaders' decisions with respect to the Army's procedures for membership, assignments, and promotions." *Id.* at 16-17.

But Plaintiff does not seek the far-reaching relief that Defendant argues is non-justiciable. He does not, for instance, ask the court to order his retroactive promotion—relief that the court plainly could not grant. *See Kreis v. Sec'y of the Air Force,* 866 F.2d 1508, 1511 (D.C. Cir. 1989) (holding that a request for retroactive promotion "falls squarely within the realm of non[-]justiciable military personnel decisions").  Rather, Plaintiff's sole claim is that the Board's decision violated the APA "because the Board failed to consider in its written ruling non-frivolous arguments raised in Plaintiff's application[.]"  Compl. ¶ 46.  For those alleged violations he seeks "a remand to the Board for further action." *Id.* at 8.

It is well established that federal courts have the competency to review the decision of a military board of correction using "familiar principles of administrative law." *Kreis*, 866 F.2d at 1511.[4] Such review is limited, however.  As stated in *Kreis*: "Adjudication of these claims requires the district court to determine only whether the Secretary's decision making process was deficient, not whether his decision was correct." *Id.*  The court performs "nothing more than the normal review of agency action" and "require[s] only that the agency exercise its discretion in a reasoned

---

[4] *See also, e.g., Coburn v. McHugh,* 679 F.3d 924, 929 (D.C. Cir. 2012) (reviewing a military board decision under the standards of the APA and administrative case law); *Piersall v. Winter*, 435 F.3d 319, 322 (D.C. Cir. 2006) (same); *Frizelle v. Slater,* 111 F.3d 172, 176 (D.C. Cir. 1997) (same); *Wilhelmus v. Geren*, 796 F. Supp. 2d 157, 160 (D.D.C. 2011) (same); *Pettiford v. Sec'y of the Navy*, 774 F. Supp. 2d 173, 182-83 (D.D.C. 2011) (same); *Rudo v. Geren*, 818 F. Supp. 2d 17, 25 (D.D.C. 2011) (same); *Poole v. Harvey*, 571 F. Supp. 2d 120, 124 (D.D.C. 2008) (same).

manner, but . . . defer[s] to the agency's ultimate substantive decision." *Id.* at 1512.  Plaintiff thus states a justiciable claim.

Under the APA, a court must set aside an agency action, finding, or conclusion if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).  Judicial review under the "arbitrary and capricious" standard is "highly deferential" and "presumes the agency's action to be valid."[5]  *Envtl. Def. Fund,* 657 F.2d at 283.  A plaintiff challenging the decision of a board of correction, as here, must overcome a "strong but rebuttable presumption that administrators of the military . . . discharge their duties, correctly, lawfully, and in good faith."  *Frizelle v. Slater,* 111 F.3d 172, 177 (D.C. Cir. 1997).  The decision itself need not be a "model of analytic precision."  *Dickson v. Sec'y of Defense,* 68 F.3d 1396, 1404 (D.C. Cir. 1995).  *See also, e.g., Frizelle,* 111 F.3d at 176; *Albino,* 2015 WL 188983, at *12-13 (D.D.C.  Jan. 15, 2015).  As long as the board of correction has "examine[d] the relevant data and articulate[d] a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made,'" courts will not overturn its decision.  *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto Ins. Co.,* 463 U.S. 29, 43 (1983) (citing *Burlington Truck Lines v. United States,* 371 U.S. 156, 168 (1962)).  *See also, e.g., Frizelle,* 111 F.3d at 176; *Rudo v. Geren,* 818 F. Supp. 2d 17, 24 (D.D.C. 2011).

---

[5] The D.C. Circuit has in some cases applied an "unusually deferential" standard of review to military board decisions. *See, e.g., Kreis,* 866 F.2d at 1514; *Cone v. Caldera,* 223 F.3d 789, 793 (D.C. Cir. 2000).  *See also Albino v. United States,* No. 13-0105, 2015 WL 188983, at *13 (D.D.C.  Jan. 15, 2015); *Escobedo v. Green,* 602 F. Supp. 2d 244, 248 (D.D.C. 2009).  The heightened level of deference is intended to prevent overuse of the courts by soldiers dissatisfied with their ratings. *Cone,* 223 F.3d at 792. However, the D.C. Circuit has also suggested that the circumstances in which the "unusually deferential" standard should be applied may be limited.  *See Kreis v. Sec'y of Air Force,* 406 F.3d 684, 686 (D.C. Cir. 2005) (stating that traditional APA deference is warranted when a court reviews a decision of the ABCMR involving "a procedural regulation governing its case adjudication process," rather than "military judgment requiring military expertise").  *See also* Wilhelmus, 796 F. Supp. 2d at 161-62 (reaffirming the distinction established in *Kreis,* 406 F.3d at 686, and finding that the "traditional APA standard should be applied" where plaintiff made "non-frivolous claims of plain legal error" that raised "issues of procedural fairness").  Here, it is irrelevant whether the court uses the "unusually deferential" standard of review or the traditional standard of deference under the APA.  Ultimately, the result would be the same.

A board of correction's decision will not pass muster, however, if it does not adequately address a petitioner's non-frivolous argument. *See Frizelle,* 111 F.3d at 177 (holding that an ABCMR decision was arbitrary where the ABCMR failed to respond to two arguments that were facially non-frivolous and could have affected the matter's ultimate disposition); *Albino,* 2015 WL 188983, at *10-14 (holding the ABCMR's decision to be arbitrary because it failed to respond to several of plaintiff's non-frivolous arguments); *Pettiford v. Sec'y of the Navy*, 774 F. Supp. 2d 173, 185 (D.D.C. 2011) (holding that a decision of the Board for Corrections of Naval Records (BCNR) was arbitrary where the BCNR failed to address a non-frivolous argument raised by the plaintiff that could have affected the BCNR's ultimate disposition); *Poole v. Harvey*, 571 F. Supp. 2d 120, 126 (D.D.C. 2008) (holding the ABCMR's decision to be arbitrary and capricious because it failed to address a non-frivolous, potentially meritorious argument). It is not enough for the board merely to acknowledge that an argument exists, *Rudo,* 818 F. Supp. 2d at 26-27, or to "identify a plaintiff's non-frivolous arguments without responding to them, either by addressing the arguments' merits or explaining why they need not be addressed," *Albino,* 2015 WL 188983, at *15. The board of correction's decision must provide an explanation that enables a reviewing court to evaluate the rationale behind its decision. *Dickson,* 68 F.3d at 1404. The board of correction must provide, in short, "a reason that a court can measure." *Kreis*, 866 F.2d at 1514. *See also Frizelle*, 111 F.3d at 177 (stating that the ABCMR need not present a detailed response to non-frivolous arguments, but must at least give some response). It cannot retroactively justify its decision during court proceedings. *El Rio Santa Cruz Neighborhood Health Ctr. v. United States HHS,* 396 F.3d 1265, 1276 (D.C. Cir. 2005).

## B.    Motions for Summary Judgment

Confined to the circumscribed review described above, the court proceeds to the merits.

Plaintiff argues that the ABCMR violated the APA (1) by not adequately addressing his claim of discrimination, and (2) by not addressing at all his assertion that he was unjustly placed under the command of a junior officer.  Compl. ¶¶ 47-48.  The court agrees with the second of Plaintiff's arguments, but not the first.

        **1.**       **Title VII Claim**

Plaintiff contends that the ABCMR acted arbitrarily and capriciously because the Board did not consider the "useful framework" of the Civil Rights Act, Pl.'s Reply to Def.'s Opp., ECF #18 at 7, including "each enumerated factor required by Supreme Court precedent," Mem. of P. & A. in Supp. of Pl.'s Cross-Mot. for Summ. J., ECF #10-1 at 15.  But there is no legal requirement that the ABCMR address a discrimination claim in the same manner as would a federal court under Title VII.  The ABCMR's function is to "consider[] individual applications that are properly brought before it," and "[i]n appropriate cases . . . direct[] or recommend[] correction of military records to remove an error or injustice."  32 CFR 581.3(c)(2)(i).  Individuals who appear before the ABCMR must overcome a "presumption of administrative regularity" and have the "burden of proving an error or injustice by a preponderance of the evidence."  32 CFR 581.3(e)(2); *Cone v. Caldera*, 223 F.3d 789, 792 (D.C. Cir. 2000).  The Board makes its decision based on the evidence of record and, at its discretion, may also hold a hearing or request additional evidence or opinions.  32 CFR 581.3(c)(2)(iii).  A decision is final when it receives a majority vote of the Board.  32 CFR 581.3(g)(1).  None of the ABCMR's governing regulations compel the Board to review a discrimination claim as would a federal court.  *See generally* 32 CFR 581.3.

Judicial decisions are to the same effect.  A court in this jurisdiction previously has held that "Title VII does not apply to uniformed members of the military."  *Collins v. Sec'y of Navy*, 814 F. Supp. 130, 131 (D.D.C. 1993).  Further, every Court of Appeals to reach the issue has held

that Title VII is inapplicable to uniformed members of the military.  *See Veitch v. England,* 471
F.3d 124, 127 (D.C. Cir. 2006) (collecting cases).[6]  Courts in this jurisdiction—and in many
others—therefore reinforce the conclusion that the ABCMR need not review discrimination claims
of uniformed service members under the legal framework of Title VII.

Plaintiff next argues that the Board violated the APA because "all [it] did was make a single
acknowledgment that the Plaintiff's application asserted the argument" and it "did not expressly
indicate that it had rejected the argument."  Mem. of P. & A. in Supp. of Pl.'s Cross-Mot. for
Summ. J at 15.  Plaintiff grossly mischaracterizes the Board's decision.  The Board fully grasped
Plaintiff's claim of discrimination, thoroughly reviewed it, and ultimately rejected it.

The Board started its decision by concisely summarizing Plaintiff's assertion of
discrimination on pages one and two of its decision.[7]  AR, App. 1 at 8-9.  Then, under the heading
"CONSIDERATION OF EVIDENCE," the Board set forth Plaintiff's long history of military
service, including his wartime deployments; described his performance reviews over a 10-year
period; and, noted the absence of negative information in his Army Military Human Resource
Record.  *Id.* at 9-11.  In the same section, the Board explained that it had requested and obtained
an advisory opinion from the National Guard Bureau (NGB) to assist its evaluation of Plaintiff's
discrimination claim.  *Id.* at 11.  The NGB "recommended the applicant's request be returned

---

[6] Although the D.C. Circuit has not yet decided the issue, *see Veitch*, 471 F.3d at 127, it has previously explored the
matter by highlighting two circuit court decisions which hold that Title VII law does not apply to uniformed members
of the military.  *See Milbert v. Koop*, 830 F.2d 354, 357-59 (D.C. Cir. 1987) (*quoting Gonzalez v. Dep't of Army*, 718
F.2d 926 (9th Cir. 1983), and *Johnson v. Alexander*, 572 F.2d 1219 (8th Cir. 1978)).
[7] The Board described Plaintiff's demand as follows:  "Counsel requests . . . the applicant be promoted to colonel
(COL) in the [CAARNG] in the position he would have been absent the discrimination due to his race and national
origin."  AR, App. 1 at 8.  It then wrote:  "Counsel adds that the applicant was subjected to harassment and disparate
treatment and he was placed under the control of a subordinate chaplain.  The harassment and racial discrimination
prevented his promotion to COL in favor of a junior officer.  Counsel essentially argues that the applicant's rights
were violated under Title VII of the Civil Rights Act of 1964, under the Constitution, and under military regulations.
He concludes that the lack of specific documents or evidence to prove the inner thoughts or motivation of others does
not change the truth of the matter and one can easily infer the cause of discrimination."  *Id.* at 8-9.

without action because the applicant did not provide sufficient evidence in support of his contention." *Id.* at 19.  The Board shared the NBG's advisory opinion with Plaintiff and, in its decision, recited Plaintiff's objections to the NGB's findings.  *Id.* at 11-12.

Next, under a section titled "DISCUSSION AND CONCLUSIONS," the Board determined that "none of the applicant's contentions are supported by evidence." *Id.* at 13.  The Board noted the absence of any prior complaints of discrimination ("[H]e does not provide any documentary evidence of specific incidents substantiated through an EO complaint or an Inspector General inquiry or investigation."), as well as the lack of any direct or indirect evidence of discrimination ("[H]e contends he informed his higher chain of command of the [discrimination] issue but they did nothing to rectify the situation.  Yet, he does not provide evidence, in the form of an email, memorandum, telephone conversation, of such contention or evidence his higher chain of command did nothing to resolve his issue.").  *Id.* at 13.  The court is satisfied that the ABCRM thoroughly evaluated Plaintiff's discrimination claim and rendered a reasonable decision based on the evidence—or more precisely, the lack of evidence—before it.

### 2.    Subordination Claim

The court reaches the opposite conclusion, however, as to Plaintiff's contention that he was unjustly placed under the command of a junior officer.  The ABCMR acknowledged Plaintiff's claim, but did not rule on it.  *Id.* at 9.  Because the Board did not provide "a reason that [the] court can measure" in rejecting the subordination claim, it acted arbitrarily and capriciously.  *Kreis*, 866 F.2d at 1514.

Defendant does not argue that the Board ruled on the subordination claim.  Rather, he contends that the claim was "plainly frivolous" and therefore the Board was not required to address it.  Mem. of P. & A. in Supp. of Def.'s Mot. for Summ. J. at 23, n.7.  Defendant may be correct

that the claim is frivolous.  But the court is in a poor position to decide the question.  The parties have provided only a cursory examination of the issue.  And, absent more comprehensive briefing, the court is not well suited to identify and analyze federal law and military regulations applicable to ranking and promoting service members and to the military chain of command.  Mindful that this court has not "been given the task of running the Army," *Orloff v. Willoughby,* 345 U.S. 83, 93-94 (1953), the better course here is to remand the subordination claim to the ABCMR for it to make a decision in the first instance.

## IV.    CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is denied.  The parties' Cross-Motions for Summary Judgment are granted in part and denied in part.  This matter is remanded to the ABCMR for consideration of Plaintiff's claim that he was unjustly passed over for promotion in favor of a junior officer.  A separate order accompanies this Memorandum Opinion.


Dated:  March 17, 2015                                    Amit P. Mehta
                                                         United States District Judge